UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEJANDRA GOMEZ, VALENTINA GONZALEZ, JOSH WINTER, MORRIS LOWY, AS TRUSTEES OF THE UNITED PRODUCTION WORKERS UNION LOCAL 17-18 WELFARE FUND,

      *Plaintiffs*,

v.

EDISON LITHOGRAPH AND PRINTING CORP.,

      *Defendant*.

No. 24-CV-193 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

  On April 10, 2024, the Clerk of Court entered a certificate of default against Defendant Edison Lithograph and Printing Corp. (See Dkt. No. 12.) On August 29, 2024, Plaintiffs moved for a default judgment against Defendant. (Dkt. No. 13.) Due to a filing error, Plaintiffs re-filed on September 2, 2024. (Dkt. Nos. 14–18.) On April 9, 2025, the Court ordered Plaintiffs to serve a copy of the motion for default judgment, any supporting papers, and the Court's order on Defendant. (Dkt. No. 20.) After Plaintiffs' documents and proof of service were filed, (Dkt. Nos. 23–35), the Court issued an Order to Show Cause for a Default Judgment, (Dkt. No. 36). The Court held a telephonic conference on June 26, 2025, on the motion. (*See* Dkt. (Minute Entry for June 26, 2025).) Defendant did not appear. (*Id.*)

  On June 26, 2025, the Court entered a Partial Default Judgment against Defendant. (Dkt. No. 40.) Defendant was ordered to pay Plaintiffs various sums owed in contributions and

interest, as well as comply with other Court-ordered relief.[1] (*Id.* at 1–3.)[2] In particular, the Court ordered Defendant to produce certain books and records for audit to permit Plaintiffs to calculate the contributions due and owing for the period from March 1, 202 through September 30, 2022. (*Id.* at 2–3.) The Partial Default Judgment explained that if Defendant failed to produce the required books and records, Plaintiffs would be entitled to calculate the contributions due and owing for that period, and Defendant would be ordered to pay damages in the amount of delinquency, interest, and liquidated damages calculated according to the Fund's Trust Documents. (*Id.* at 3.) Plaintiffs were permitted to submit a separate application for reasonable attorney's fees and costs. (*Id.*)

Plaintiffs represent that, after the Court entered the Partial Default Judgment, Defendant "failed and refused" to make payments or comply with audit proceedings. (Dkt. No. 46 at 7; *see*

---

[1] Specifically, Defendant was ordered to pay $55,800.00 in contributions for the period from March 1, 2018 through February 28, 2020; $25,965.28 in interest calculated through December 31, 2022 on contributions for the contributions delinquency period from March 1, 2018 through February 28, 2020; $33,300.00 in contributions for the period from May 1, 2022 through September 30, 2022; $8,934.39 in interest calculated through September 30, 2024 on contributions for the contributions delinquency period from May 2022 through September 2022; $8,928.00 in interest for the contributions delinquency period from March 1, 2018 through February 28, 2020, calculated from January 1, 2023 through May 1, 2024 at the rate of twelve percent (12%) per annum; $1,998.00 in interest for the contributions delinquency period from May 2022 through September 2022, calculated from November 15, 2023 through May 15, 2024 at the rate of twelve percent (12%) per annum; and $450.23 in interest calculated through November 14, 2023 on contributions that were remitted late for the period from March 2022 through April 2022. (Dkt. No. 40 at 1–2.) Defendant was ordered to remit all contributions that had accumulated during the pendency of the action, plus interest at the rate of twelve percent (12%) per annum and to produce its books and records for audit by the Plaintiffs for the period from March 1, 2020, through September 30, 2022. (*Id.* at 2–3.) Defendant was further ordered to pay liquidated damages in the amount of additional interest or 20% of the amount of principal due, whichever is greater, in accordance with 29 U.S.C. § 1132 (g)(2)(C). (*Id.*)

[2] Unless otherwise indicated, the Court cites to the page numbers of filings using the numbers designated by the Court's Electronic Case Filing system, which appear in the upper-right hand corner of each filing.

*also* Dkt. No. 43 at 2–3.)  Plaintiffs seek entry of an updated default judgment that includes a monetary award meant to cover contributions, interest, and liquidated damages, attorney's fees, costs, and such other and further relief as by the Court may be deemed just and equitable.[3]  (Dkt. No. 48 at 1–3.)

A. Interest Sought

The Court notes that—although the materials submitted by Plaintiffs are not entirely clear—it appears that at least some of the interest calculations were made with the assumption that the interest rates were compounding.  (*See* Dkt. No. 44 Ex. C at 3.)  However, the terms of the CBA and other documents submitted by Plaintiffs do not specify that interest would be compounding rather than simple.  (*See* Dkt. No. 31, Ex. 1 at 10; Dkt. No. 31 Ex. 2 at 24 ("In the event the Employer fails to make contributions . . . such contributions shall bear interest . . . at the rate of twelve (12%) percent per annum . . . from the time such contributions were due until paid), Dkt. No. 31 Ex. 3 at 3 (same).)  There is at least some authority that suggests that, where it is unspecified whether simple or compound interest should be awarded, the calculations should be made using simple interest.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund,*

---

[3] Specifically, Plaintiffs seek $321,417.09, comprised of the full amount of contributions and interest set forth in the June 26, 2025 Partial Default Judgment ($135,375.90); liquidated damages representing 20% of the unpaid contributions awarded in the Partial Default Judgment ($17,820.00); interest at a rate of 12% per annum for the period from November 15, 2023 through August 15, 2024 ($12,450.33); contributions found pursuant to audit proceedings for the period from March 1, 2020 through September 30, 2022 ($61,380.00); interest calculated at the rate of twelve 12% per annum through September 30, 2024 on contributions for the contributions delinquency period from March 1, 2020 through September 30, 2022, calculated through October 1, 2025 ($38,870.42); liquidated damages calculated at twenty percent (20%) of the unpaid contributions found pursuant to audit proceedings for the period from March 1, 2020 through September 30, 2022 ($12,276.00); attorney's fees ($41,332.50); and costs ($1,911.94).  (Dkt. No. 48 at 1–3.)

*Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Integrated Bus. Installations, LLC*, No. 19-CV-4690, 2020 WL 1144580, at *3 n.1 (S.D.N.Y. Mar. 9, 2020); *Empire State Carpenters Welfare, Annuity, & Apprenticeship Training Funds ex rel. Morin v. Conway Const. of Ithaca, Inc.*, No. 07-CV-2259, 2015 WL 5352867, at *7 (E.D.N.Y. Aug. 11, 2015), *report and recommendation adopted*, 2015 WL 5355155 (E.D.N.Y. Sept. 14, 2015), *vacated and remanded on other grounds sub nom. Empire State Carpenters Welfare v. Conway Constr. of Ithaca, Inc.*, 661 F. App'x 97 (2d Cir. 2016); *Plumbers Loc. No. 371 Joint Plumbing Indus. Bd. Pension Fund v. Frank Liquori Plumbing & Heating, Inc.*, No. 95-CV-2892, 1996 WL 445065, at *5 (E.D.N.Y. June 26, 1996).

B. Attorneys' Fees

The Court also determines that Plaintiffs' requested fees, totaling $41,332.50, are likely too high. "Both the Second Circuit and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Santander Consumer USA, Inc. v. City of Yonkers*, No. 20-CV-4553, 2022 WL 4134718, at *4 (S.D.N.Y. Sept. 12, 2022) (alteration adopted) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)); *accord Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). To support the lodestar calculation, the party seeking a fee award should submit evidence in support of their hours worked and rates claimed. *See, e.g., Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 244 (S.D.N.Y. 2023); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs have done so here. (Dkt. No. 45; Dkt. No. 45 Ex. B.)

Notwithstanding the presumption that the lodestar figure represents a reasonable fee, the Court may adjust the fee to "exclude excessive, redundant[,] or otherwise unnecessary hours,"

4

*Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999), to exclude time spent pursuing "a failed claim if it was unrelated to the plaintiff's successful claims," *Le-Blanc Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998) (quotation marks and citation omitted), and to account for "the results obtained," *Quaratino*, 166 F.3d at 425 (quotation marks and citation omitted).

### 1. Reasonable Rate

"A reasonable hourly rate is based on the prevailing market rate for lawyers in the district in which the ruling court sits." *Santander Consumer USA, Inc. v. City of Yonkers*, No. 22-CV-8870, 2025 WL 2673773, at *3 (S.D.N.Y. Sept. 18, 2025). In resolving what a reasonable client would pay, the Court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citation omitted). There is no need to make separate findings as to all factors so long as each is considered. *See E.F. v. N.Y.C. Dep't of Educ.*, No. 11-CV-5243, 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2024) (citing *Lochren v. County of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009)).

Plaintiffs request a rate of $350 an hour for Gary Rothman, a partner who has been practicing labor and employee benefits law for over thirty-five years, and $350 an hour for Elise Feldman, who has been practicing labor and employee benefits law for almost 20 years. (Dkt. No. 45 at 3.) Courts in this District routinely award similar rates to attorneys in ERISA cases.

*See Montefiore Med. Ctr. v. Local 272 Welfare Fund*, Nos. 09-cv-3096, 14-CV-10229, 2019 WL 4565099, at *6–7 (S.D.N.Y. Sept. 19, 2019) (finding hourly rates in ERISA cases range from $450 to $660 for experienced partners and from $125 to $350 for associates); *Dimopoulou v. First Unum Life Ins. Co.*, No. 13-CV-7159, 2017 WL 464430, at *3 (S.D.N.Y. Feb. 3, 2017) (concluding that experienced partners tend to receive rates in the range of $600 per hour, associates with five years of experience tend to receive rates between $250 and $350 per hour, and paralegals or non-attorney personnel receive rates not to exceed $200 per hour, and collecting cases). In light of the *Arbor Hill* factors, including counsel's experience, degree of success obtained, and awards in similar cases, these rates appear reasonable. *See also Kilkenny as Trs. of Constr. Council Loc. Union 175 Pension Fund v. Manco Enters., Inc.*, No. 20-CV-4765, 2025 WL 2523950, at *3 (E.D.N.Y. May 15, 2025) (approving rate of $325 per hour for Elise Feldman), *report and recommendation adopted*, No. 20-CV-4765, 2025 WL 2523243 (E.D.N.Y. Sept. 2, 2025).

2. Reasonable Hours

As described, Plaintiffs have provided the Court with detailed contemporaneous time records documenting the hours worked by the attorneys and legal assistant on this matter, and describing the work performed. However, the Court determines that the total amount of hours requested—118.2—are far in excess of the reasonable number of hours for an ERISA default judgment case. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. N.Y.C. Flooring L.L.C.*, No. 19-CV-6441, 2022 WL 1665130, at *3 (S.D.N.Y. May 25, 2022) (collecting cases where reasonable hours ranged from 12.4 to 30.35).

6

Plaintiffs offer no citation to similar cases where hours nearing those sought here were approved, nor do they explain why hours so dramatically in excess of those billed in the ordinary course would be reasonable in this case. (*See* Dkt. No. 46 at 11.) *See also Restrepo v. Mech. Elec. Corp.*, No. 24-CV-8140, 2025 WL 2882042, at *5–6 (E.D.N.Y. Oct. 10, 2025) (approving award based on 8.3 hours of work in case where Defendant failed to appear); *Cummings v. Quick Start Day Care Ctr. Inc.*, No. 23-CV-5244, 2024 WL 68552, at *5 (S.D.N.Y. Jan. 5, 2024) (finding 18.15 hours reasonable in ERISA default judgment case); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. B&L Moving & Installation, Inc.*, No. 16-CV-4734, 2017 WL 4277175, at *7–8 (S.D.N.Y. Sept. 26, 2017) (finding 60.7 hours excessive, and reducing by 50% to 30.35 hours), *report and recommendation adopted*, 2018 WL 705316 (S.D.N.Y. Feb. 5, 2018); *cf. Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund*, 2022 WL 1665130, at *3 (concluding 237.6 hours reasonable in default judgment case where litigation had been ongoing for three years, through "active and ongoing disputes . . . with defendants who initially appeared," amended complaints were filed, discovery was taken, and full rounds of briefing occurred).

For the reasons set forth above, Plaintiffs are directed further to explain their interest calculations and offer supplemental authority, if any, to justify the requested attorney's fees. In the alternative, Plaintiffs may revise their default judgment submissions and refile them. Plaintiffs are directed to file any such submissions or revisions by December 11, 2025.

Dated:   November 10, 2025
         White Plains, New York

                                            _____
                                            KENNETH M. KARAS
                                            United States District Judge